Citation Nr: 1518707 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 09-09 613 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Houston, Texas


THE ISSUE

Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Devon Rembert-Carroll, Associate Counsel


INTRODUCTION

The Veteran had active service from August 1976 to November 1980.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a March 2007 rating decision issued by the VA RO in Houston, Texas. 

The Veteran testified at a Travel Board hearing in May 2011 and a copy of that transcript is of record. 

In December 2010 and April 2014 decisions, the Board remanded the claim for further development. 

This case was processed using paperless, electronic Veterans Benefit Management System (VBMS) claims processing system. A review of the Veteran's Virtual VA claims file reveals documents that are either duplicative or irrelevant to the issue on appeal. 


FINDING OF FACT

The Veteran's low back disability did not manifest during, or as a result of military service. 


CONCLUSION OF LAW

The criteria for service connection for a low back disability are not met. 38 U.S.C.A. §§ 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2014).




REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify and assist the Veteran in substantiating his claims for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). Here, the notice requirements were accomplished by a letter sent in September 2006, prior to the initial rating decision. The letter also included notice of the type of evidence necessary to establish a disability rating or effective date for the issues under consideration, pursuant to the holding in Dingess/Hartman v. Nicholson, 19 Vet App 473 (2006). 

VA also has a duty to assist the Veteran in the development of a claim. This duty includes assisting the Veteran in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014). Here, the Veteran's personnel records and post-service private treatment records have been associated with the claims file. Moreover, in a January 2015 statement, the Veteran indicated that he had no further evidence to submit. 

The Board notes that the only service treatment records included in the Veteran's claims file are the May 1976 enlistment report of medical examination and report of medical history. In such cases, where service treatment records have been lost or destroyed through no fault of the veteran, the Court has held that there is a heightened obligation on the part of VA to explain findings and conclusions and to consider carefully the benefit-of-the-doubt rule. Cuevas v. Principi, 3 Vet. App. 542, 548 (1992); O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). In light of the unavailability of such record, as discussed further below, the Agency of Original Jurisdiction (AOJ) did attempt to obtain such record by directly contacting the medical facilities where the Veteran claimed to have been treated for his disability. In April 2014, the AOJ also requested that the Veteran submit "buddy" statements from witnesses who observed the in-service injury and subsequent difficulties. Moreover, the Board's analysis in this case has been undertaken with the heightened obligation set forth in Cuevas and O'Hare in mind. It is noted, however, that the case law does not lower the legal standard for proving a claim for service connection, but rather increases the Board's obligation to evaluate and discuss in its decision all of the evidence that may be favorable to the claimant. See Russo v. Brown, 9 Vet. App. 46 (1996).

Additionally, as part of the April 2014 remand, the Board instructed the AOJ to contact the medical facilities at the U.S. Marine Corps Air Stations in Yuma, Arizona, and Kaneohe Bay, Hawaii. An August 2014 response from the Marine Corps Base in Kaneohe Bay, Hawaii, shows that there was no record of the Veteran in their Medical Department's Records Office. The response further indicated that if the Veteran's records were ever maintained by their Medical Department they would have been archived to the National Archives and Records Administration (NARA). The FOIA Coordinator, Marine Corps Base Hawaii, then sent a request to the NARA on behalf of the AOJ. Another August 2014 response noted that the records were held by NARA and could be requested by contacting the National Personnel Records Center (NPRC). The AOJ also sent a request to the Mountain Warfare Training Center, Commanding Officer "FOIA HC" in search of possible records located at the US Marine Corps Air Station in Yuma, Arizona in April 2014, June 2014, and August 2014. The August 2014 letter was returned as unclaimed in September 2014. 

The Board finds that there is no prejudice in adjudicating the appeal despite the above. The Board notes that a September 2006 Request for Information from the NPRC stated, "the only medical document on file is the enlistment physical (copied from the personnel microfiche record)". Moreover, upon an additional request for service treatment and personnel records, again in July 2014, the NPRC responded that all available records were shipped for upload to VBMS. The Board also notes that the military hospital or other military medical facility that provided treatment creates and maintains clinical records. The hospital or medical facility normally retires its record to NPRC when there has been no treatment for two calendar years. See M21-1MR, Part III, Subpart iii, 2.B.12.c. As such, the Board finds that further remand is not necessary as the September 2006 and July 2014 responses from NPRC illustrates that all available service treatment records have been submitted by the NPRC and, thus, any further attempts to obtain such records would be futile. Remands that would only result in imposing additional burdens on VA, with no benefit flowing to the claimant, are to be avoided. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

The Board also notes that the Veteran failed to report for his scheduled September 2014 VA examination. To date, the Veteran has not requested the examination be rescheduled nor is there any indication that the Veteran did not receive notification of the scheduled examination. In December 2014, notice was sent to the Veteran concerning his failure to report to the VA examination. A supplemental statement of the case was sent to the Veteran at his current address of record in January 2015 again outlining the AOJ's attempt to schedule an examination. Further, the Veteran's representative was copied on the supplemental statement of the case to which there has been no response. 

When a veteran fails without good cause to report for a necessary VA examination requested by VA in conjunction with a claim, VA is not obliged to attempt to provide another. Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant, death of an immediate family member, etc. 38 C.F.R. § 3.655(a). There is no legal or regulatory requirement that VA make further efforts to schedule an examination. The consequence in this case of the Veteran's failure without good cause to report for the most recent VA examinations is that his claims for service connection must be decided on the basis of the other relevant evidence on file. 38 C.F.R. § 3.655(b). While VA has a duty to assist the veteran in the development of his claim, the veteran has a duty to cooperate with VA. See Wood v. Derwinski, 1 Vet. App. 190 (1991). The Board concludes that VA has no remaining duty under the VCAA to provide a medical examination in conjunction with this claim.

As previously noted, the Veteran was provided an opportunity to set forth his contentions during a May 2011 Board hearing. In Bryant v. Shinseki, 23 Vet App. 488 (2010), the Court held that 38 C.F.R. § 3.103(c)(2) requires that a "hearing officer" who chairs a hearing to fulfill two duties: (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, the undersigned noted the issue on appeal and information was obtained regarding the Veteran's contentions. The undersigned further asked the Veteran if he had any service treatment records in his possession, the exact date and location of his in-service injury, and advised the Veteran to submit buddy statements of those who witnessed the Veteran's injury. In addition, the hearing focused on the elements necessary to substantiate the Veteran's claims, to include in-service incurrence, current disability, and a nexus between the two. The Veteran has not asserted that there was any prejudice with regard to the conduct of the hearing. Therefore, not only was the issue "explained . . . in terms of the scope of the claim for benefits," but "the outstanding issues material to substantiating the claim," were also fully explained. See Bryant, 23 Vet. App. at 497. Moreover, the Board remanded the case in April 2014 so that additional medical evidence could be obtained, to include a nexus opinion. As such, the Board finds that, consistent with Bryant, the undersigned complied with the duties set forth in 38 C.F.R. § 3.103(c)(2) and that the Board may proceed to adjudicate the claim based on the current record.

As indicated previously, in December 2010 and April 2014, the Board remanded the case for additional development, to include providing the Veteran with a Board hearing, providing the Veteran an opportunity to submit service treatment records and buddy statements, providing the Veteran an opportunity to identify outstanding treatment records, obtaining the Veteran's personnel records, requesting possible outstanding service treatment records, affording the Veteran a VA examination. The Veteran was provided with notice of the remand in April 2014. As partially discussed above, the Board finds that the AOJ has substantially complied with the remand directives such that no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (where there is substantial compliance with the Board's remand instructions a remand is not required under Stegall v. West, 11 Vet. App. 268 (1998)).

The Board thus finds that all necessary development has been accomplished and appellate review may proceed. See Bernard v. Brown, 4 Vet. App. 384 (1993).

Analysis

The Veteran maintains that he fell off of a moving fire truck (specifically an MB5 Crash Crew vehicle) during service in July 1977 and injured his back. He contends that he was seen or examined in service approximately six times following the incident; that he was treated with pain killers and muscle relaxers; that he was relieved from duty for two weeks; that he was placed on light duty for another two to three weeks after that; and that he has had continuous or recurrent symptoms since that time. See Board Hearing transcript. 

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1131. Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Service connection may also be granted for chronic disabilities if such are shown to have been manifested to a compensable degree within one year after the Veteran was separated from service. 38 U.S.C.A. §§ 1101, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. As an alternative to the nexus requirement, service connection for these chronic disabilities may also be established through a showing of continuity of symptomatology since service. 38 C.F.R. § 3.303(b). The option of establishing service connection through a demonstration of continuity of symptomatology rather than through a finding of nexus is specifically limited to the chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Turning to the evidence of record, the Veteran has a current diagnosis of degenerative disc disease lumbar spine, as evidenced by a December 2004 private treatment record. 

In regards to an in-service incurrence, the Board again notes that the only service treatment records in the claim file are the Veteran's May 1976 enlistment report of medical examination and report of medical history. Additionally, the Veteran's personnel records are absent of any injuries to the back or notations of light duty. Nonetheless, the Board finds the Veteran's reports of an in-service injury to be both competent and credible as there is no evidence of record that directly contradicts the Veteran's reports. 

However, the Board finds that the evidence of record is against a finding that the Veteran's current low back disability is related to his military service. 

The only evidence that the Veteran's low back disability is related to his military service are the Veteran's own lay statements. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to the specific issue in this case, determining the nature and etiology of degenerative disc disease, falls outside the realm of common knowledge of a lay person. In this regard, while the Veteran can competently report his symptoms, any opinion regarding whether his currently diagnosed low back disability is related to his military service requires medical expertise that the Veteran has not demonstrated. See Jandreau v. Nicholson, 492 F. 3d 1372, 1376 (2007). As such, the Board assigns no probative weight to the Veteran's assertions that his currently diagnosed low back disability is related to his military service. Again, the Veteran failed to report to the VA examination scheduled in an effort to obtain a nexus opinion. 

In regards to continuity of symptoms and presumptive service connection, the Board finds that the Veteran's degenerative disc disease, lumbar spine, is properly afforded such consideration, as arthritis is one of the enumerated conditions under 38 C.F.R. § 3.309(a). Walker, 708 F.3d 1331. The Board acknowledges the Veteran's reports that his back has bothered him since his reported in-service fall and he had to try and work through the pain. See December 2004 private treatment record; see also Board hearing transcript. However, The Board notes that there is no clinical evidence that the Veteran complained of, or sought treatment for, low back pain until December 2004, 24 years after separation from service. While the Board acknowledges that the absence of any corroborating medical evidence supporting assertions, in and of itself, does not render lay statements incredible, such absence is for consideration in determining credibility. See Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006) (noting that the absence of contemporaneous medical documentation may go to the credibility and weight of Veteran's lay testimony, but the lack of such evidence does not, in and of itself, render the lay testimony incredible). See also Jandreau, supra (noting that lay evidence can be competent to establish a diagnosis when . . . a layperson is competent to identify the medical condition.) The lapse of time between service separation and the earliest documentation of current disability is a factor for consideration in deciding a service connection claim. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). Therefore, the Veteran's current statements, made in connection with his pending claim for VA benefits, that he has experienced low back pain since service are inconsistent with the contemporaneous evidence. Accordingly, while his contentions have been carefully considered, neither these contentions nor the clinical record establish continuity of symptomatology such as to serve as a basis for a grant of service connection.

Furthermore, there is no evidence of record that the Veteran's degeneration joint disease of the lumbar spine manifested to a compensable degree within one year of the Veteran's discharge from service. See 38 C.F.R. § 3.307(a), 3.309(a). Instead, the probative evidence of record shows that the Veteran was not diagnosed with a low back disability until approximately 24 years after service.

Finally, the Board acknowledges the Veteran's wife's testimony regarding the Veteran's low back disability. However, as the Veteran's wife testified that she married the Veteran 22 years prior and did not know the Veteran at the time of his reported in-service injury, the Board assigns her statements no probative value in determining continuity of symptomatology or whether the Veteran's low back disability manifested to 10 percent within one year of discharge. Additionally, the Veteran's wife has not demonstrated the medical expertise required to determine the nature and etiology of a low back disability. 

In conclusion, based on the analysis above, the Board finds that the preponderance of evidence is against the Veteran's claim for service connection for a low back disability. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).


ORDER

Entitlement to service connection for a low back disability is denied. 



____________________________________________
J.N. MOATS
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs